Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-743-0307
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT COLOMBI, an individual,<br><br>Plaintiffs<br><br>v.<br><br>FMS, INC., a corporation; PORTFOLIO RECOVERY ASSOCIATES, LLC, a limited liability company; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.: **'13CV2800 L    JMA**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |

## I. INTRODUCTION

1.     This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq.* ( "Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices and for invasion of privacy.

## II.  JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III.  PARTIES

3. Plaintiff VINCENT COLOMBI is a natural person residing in the state of California, County of San Diego.

4. Defendant FMS, INC. ("FMS") at all times relevant was a corporation in the business of collecting debts in San Diego County, California operating from an address at 4915 South Union Avenue, Tulsa, OK 74107.

5. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC ("PORTFOLIO") at all times relevant was a limited liability company in the business of collecting debts in San Diego County, California operating from an address at 120 Corporate Blvd., Suite 100, Norfolk, VA 23502.

6. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil Code § 1788.2(c).

7. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these Defendants by such fictitious names.  Plaintiff is informed and believe, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent

proceedings, and that this action may proceed against them under their true names.

8. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

9. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

10. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code § 1788.2(h).

11. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## IV.  FACTUAL ALLEGATIONS

12. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

### *Allegations Against FMS*

13. At a time unknown, FMS acquired information regarding an alleged account (the "FMS Debt") it claimed belonged to Plaintiff.

14. FMS would call Plaintiff multiple times a day to collect the FMS Debt.

15. FMS would call Plaintiff consecutive days to collect the FMS Debt.

16. FMS called Plaintiff for approximately 36 consecutive months to collect the FMS Debt.

17. FMS's calls rose to the level of harassment.

18. Plaintiff spoke to an FMS representative and requested FMS stop calling.

19. FMS ignored Plaintiff's requests and continued to call.

20. FMS called Plaintiff's mother and informed her that it was a debt collector.

21. FMS told Plaintiff's mother that Plaintiff owed a debt.

///
///

*Allegations Against PORTFOLIO*

22. At a time unknown, PORTFOLIO acquired information regarding an alleged account (the "PORTFOLIO Debt") it claimed belonged to Plaintiff.

23. PORTFOLIO would call Plaintiff multiple times a day to collect PORTFOLIO Debt.

24. PORTFOLIO would call Plaintiff consecutive days to collect the PORTFOLIO Debt.

25. PORTFOLIO would call Plaintiff's parents and claim the calls concerned a personal matter.

26. PORTFOLIO's calls rose to the level of harassment.

27. Plaintiff requested PORTFOLIO stop calling him and his parents.

28. PORTFOLIO ignored Plaintiffs' requests and continued to call Plaintiff and Plaintiff's parents.

29. A representative from PORTFOLIO stated that they did not have the ability to stop calling his mother.

30. As a result of the acts alleged above, both Plaintiffs suffered emotional distress.

## V. FIRST CLAIM FOR RELIEF

**(As against Defendants for Violation of the FDCPA)**

31. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

32. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. § 1692b(1) by contacting a person other than the Plaintiff and failing to identify him/herself, and/or failing to state that he/she is confirming or correcting location information concerning the Plaintiff ;

///
///

    (b)    The Defendants violated 15 U.S.C. § 1692b(2) by communicating with persons other than the Plaintiff and stating that the Plaintiff owes debt;

    (c)    The Defendants violated 15 U.S.C. § 1692b(3) by communicating with persons other than the Plaintiff and contacting that person more than once;

    (d)    The Defendants violated 15 U.S.C. § 1692c(b) by communicating with a third person in connection with the collection of a debt;

    (e)    The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;

    (f)    The Defendants violated 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse the Plaintiff in connection with the collection of the Debt; and

    (g)    The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt.

33. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI.  SECOND CLAIM FOR RELIEF
**(Against all Defendants for Violation of the Rosenthal Act)**

34. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

35. Defendants violated the Rosenthal Act, by including but not limited to, the following:

    (a)    The Defendants violated California Civil Code §1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

  (b) The Defendants violated California Civil Code §1788.11(e) by communicating with the Plaintiff with such frequency as to be unreasonable and to constitute an harassment to the Plaintiff under the circumstances;

  (c) The Defendants violated California Civil Code §1788.12(b) by communicating information regarding a consumer debt to a member of the Plaintiff's family;

  (d) The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

36. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

37. As a proximate result of Defendants' violations enumerated above, Plaintiffs have been damaged in amounts which are subject to proof.

38. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

## VII. THIRD CLAIM FOR RELIEF
### (Invasion of Privacy: Intrusion Into Private Affairs and Public Disclosure of Private Facts)

39. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

40. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and private concerns and affairs.

41. Defendant willfully and intentionally intruded into Plaintiff's solitude, seclusion and private affairs by repeatedly and unlawfully attempting to collect the debt.

42. Defendants' intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiff.

///

43. As a result of such invasions of privacy, Plaintiff was harmed and caused emotional distress.

44. Defendants acted with oppression or malice, and Defendants are therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a);

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c); and

(d) For such other and further relief as the Court may deem just and proper.

Date: November 26, 2013

_____s/ Jeremy S. Golden_____
Jeremy S. Golden,
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: November 26, 2013

_____s/ Jeremy S. Golden _____
Jeremy S. Golden,
Attorney for Plaintiff